Our next case for argument is 2210, Frantz v. McDonough. Mr. Brown, please proceed. Thank you, Your Honor. May it please the Court, my name is Robert Brown, Jr., and I represent veteran Louis R. Frantzis. As you're aware, I've split my time with the Amicus Vietnam Veterans of America, and I've also reserved two minutes for rebuttal. Mr. Frantzis has an appeal, and the issue before this Court is the issue of the propriety of switching a judge within the administrative process at the Board of Veterans' Appeals. Well, it's not just the propriety, right? It's what the statute requires, how we interpret the statute. Is that correct? Yes, Your Honor, and that was the main thrust of all of my briefs in this case, because there's two statutes at play. It's 38 United States Code 7102 and Section 7107. And under 7102, the pre-AMA and the post-AMA version are identical, and they require the assignment of a judge and, and I'm paraphrasing, that the judge assigned make the decision and write the report. Well, you can't really paraphrase, because that's the current law, and if it said what you just said, then you'd prevail and we wouldn't be here, and I don't think even the government would be here if that's what the current law said. So why don't you actually talk about what it does say and why you think I should interpret it the way that you just paraphrased it. A proceeding instituted before the Board may be assigned to an individual member of the Board. A member or panel assigned a proceeding shall make a determination thereon, including any motion filed in connection therewith. The member or panel, as the case may be, shall make a report under Section 7104D of this title on any such determination, which report shall constitute the final disposition of the proceeding by the member or panel. So that's, that's 7102A. Shall make a determination thereon. What does thereon refer to? To the decision made by the, by the member or board. Shall make a determination thereon, correct? Yes, Your Honor. That just means the case, right? Yes, Your Honor. Okay. So that doesn't deal with the question of whether there's been a hearing in the first place. A hearing is not required. A hearing... So, I mean, there's not in 7102 doesn't say anything about whether a hearing has happened or not happened. Yes, Your Honor. In this case, the veteran had a hearing. I realize that. And so... I think, I think our problem is 7102A, which you just read us, is silent about whether there should be a hearing or if there is a hearing, whether the person who decides the case had to have been present at that hearing. That provision seems to be silent on that point. But there used to be a provision, 7107C, that expressly addressed this issue and expressly said, didn't it, that the person who conducted the hearing, the decision maker has to be the person who conducted the hearing. And so that was pre-AMA. So there was a statutory section, a separate one, that expressly put the rule that you want into the law. And for whatever reason, Congress repealed that. So why are we not to accept Congress's choice to repeal that in the AMA as no longer requiring the same judge requirement? Your Honor, the language of section 7107C changed considerably with the enactment of the AMA. But the new version never says that the board can switch a judge on a veteran after a hearing. Rather, it provides alternative venues and methods for conducting hearings. More importantly, the new language does not contradict section 7102, which still requires that the member or panel assigned to the proceedings shall make a determination thereon. Right. But it seemed to me that the real problem is in the statutory history of the rule that if you heard it, you have to decide it, which the government points out in its brief, and I didn't see any response in your reply brief. Too wet. The provision that you would like, which was, is that if there has been a hearing and you had the hearing, you have to decide it, correct? That was originally in 7102 before 1993. Yes, Your Honor, yes, Your Honor. And then in 1993, it was split. It was taken out and put in 7, in 38 U.S.C. 7107. Yes, Your Honor. Clearly, right? Yes, Your Honor. So it's in 7107. It was taken out of 7102. So once it's taken out of 102, there's no longer, 7102 no longer deals with that topic. And when it goes into 7107 in 1993-94, it stays there for a while, and then in AMA, it's taken out. Yes, Your Honor. That's all true. And so the government is saying, as a matter of the history of the legislation of the statute, you can't make an argument that there's anything left in 7102 that deals with this rule. I didn't see any response in your reply brief to that argument. Your Honor, my point has always been that there's an assignment of one, or a panel of not less than three, and that the one assigned should be the one to, and as Chief Judge Moore pointed out, that if I had it my way from my reading of it, then nobody would be here. But my reading of it is that 7102 didn't change. And so if... My point is that 7102 clearly at one point took care of your problem. It had two parts. The part that remains to today, slightly different language, right? The part that remains to today. So your argument is the original 7102 that contained both was redundant, because it provided for the hearing issue on the language about assigning to the panel and making a determination of their own, and it also provided an explicit language. Doesn't make any sense. See what I'm saying? I understand, Your Honor. But I still look at the fact of the assignment of the judge, of the judge assigned having that responsibility. And I think that if we look at the dissent that was published at the Veterans Court, I think that the dissent pointed to that as well. And so I look to that as well, because the dissent pointed that out. And I think he said it better than I could. And that's why I actually said in my brief, I'd like to encompass everything he said, but here's a big piece of it. And I tried to put that into my brief, because he said it so well. Well, if you don't succeed on your 7102 statutory interpretation argument here, your full argument is that the court abused its discretion by not considering the fair process doctrine? I actually said that they had no discretion. But if the court does... Well, why would they have had no discretion to reach an issue that you didn't raise? Well, I pointed to the Kamen case from the Supreme Court. There's a footnote, footnote 5 of the Kamen case. Let me flip to that. Thank you. So it's Kamen v. Kemper Financial Services. And at first, Kamen says in the meat of the case at 95, it says that when an issue is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather remains an independent power to identify and apply the proper construction of the governing law. But if we switch to note 5 on page 100, nonetheless, if a court undertakes to sanction a litigant by deciding an effectively raised claim according to a truncated body of law, the court should refrain from issuing an opinion that could reasonably be understood by lower courts and non-parties to establish binding circuit precedent on the issue decided. And right now, I think that people in the veterans area practice believe that the Francis decision is precedent. And so the fact that it produced precedent means they should not have exercise discretion to not hear that argument. Okay, you've used all your time, all your rebuttal time, and you're a minute beyond that. We're going to go ahead and hear from Mr. Lipman, who is on this exact point, I think, and then I'll restore your two minutes of rebuttal time. Thank you, Your Honors. It's pretty clear that not every omission represents a purposeful or meant to exclude what was not put in or what was omitted. And let me just give you an idea of the folly of just blindly finding purposeful omissions without looking at context, without looking at legislative history, without looking at prominent textual clues throughout the statute. Now let's look at pre-AMA 7107C. Now there are two sentences that make up that subdivision. And I'll read the first sentence. A hearing docket shall be maintained and formal recorded hearings shall be held by such members or members of the board. You will not find that clause, formal recorded hearings, anywhere in AMA 7107. Now, are we to infer that that means that Congress wanted to exclude formal recorded hearings? I mean, to ask the question is to answer. So, where I believe the Veterans Court went far, far, far off the reservation is not taking a more study-incentive approach to various factors. If we look at the legislative history, it's pretty clear what the grand overarching purpose was of the AMA. And that was to reduce inefficiencies in VA adjudication. It wasn't meant to compromise or eliminate poor procedural rights in favor of Veterans. And let me tell you, it's a very the legislative history is really illustrative because it's clear that the Veterans Service Organizations had a lot of input in the drafting of the AMA. And they even pushed back on some of the VA's proposal. What do you think the VASOs would have done if the Secretary had been open and conspicuous in trying to get a provision that cut away on a core procedural right for hearings? I mean, you would have had a riot on your hands at that hearing. So, can I ask one question? This is Judge Clevenger. What would happen if eliminating the right to a decision from the party who actually held your hearing increases the efficiency of the department? You made the point that the purpose of the legislation was to increase the efficiency of the department. It would seem to me that the kind of problem that we've seen in the past, like in Aronson, created a lot of inefficiency by complying with the ruling in Aronson that wouldn't have existed. It would seem to me that there is a possibility, if you're keen at all, to say, well, Congress can do what it wants to do to increase the efficiency. That may well be what they planned here. Okay. So, we know that it was a balance. What is clear from the legislative history is that they wanted to get rid of travel board hearings. Those were before the pre-MA, the judges had to go to the local regional offices and get live in-person hearings. The cost-benefit analysis there was that you really don't need a live hearing to make proper credibility determinations. The idea that Congress could do anything, and they could have. There's no doubt that they have the power, but that's not what they wanted. I would imagine to effectuate such a radical departure in adjudicatory proceedings, and I'm not just talking about the VA. I know of no agency that does a switcheroo that has someone doing the hearing, and then another bureaucrat comes in and writes a decision. It makes no sense. So, one would think that if Congress really wanted to effectuate such a radical thing, they would have made it very direct and conspicuous. Now, there's a lot of ways they could have done that. If you look at 73 AMA 710C, it says it shall, it requires that the such member or members designated by the chairman... Hey, counsel, why don't you move on to your fair process argument? How do you want me to understand the fair process argument? Sure. The fair process argument is that the core procedures of fairness are implied. Well, due process takes care of that, right? Isn't the whole purpose of the due process clause to protect core procedural fairness? Yeah, but fair process, and the court has made it go further. What court has said it goes further? The Veterans Court. That's only in part. So, it's not just duplicative of due process because... Are you focusing on Aronson? What is the case that you're saying it goes further than due process? I guess what I meant to say is that it has, it's not, it has a separate entity than due process. They said that it derives from the inherently proclaimant structure of the VA system. And Aronson said that. I believe O'Brien said that. And it's in my, it's in the amicus. So, it makes no sense to say that it doesn't have independent force and effect if it merely duplicates the due process. Well, the so-called fair process doctrine, which the CAVC applies, came out of Thurber against Brown. It's referenced in Aronson. It's in, recently, in Wilkie, 32 Vedap, 332. And the way that the court has expressed that is to say it's in addition to or somehow beyond strict constitutional due process. I mean, that's if you want to, if we want to talk about what the CAV, the thin map, the doctrine that this particular CAVC panel said it was not going to consider after having asked about the topic. The chief judge is asking, well, where does a due process doctrine come from that's as a lower standard of proof than the due process clause itself? And that's, I'm just citing you where, I looked it up, where the CAVC thinks it comes from. But the question here, isn't your argument here that the court should have, whatever the due process doctrine is, this particular panel in this particular case abused its discretion by refusing to consider it, having once asked the party to please talk about it? Exactly, your honor. So what's the abuse of discretion? Well, I think you just Isn't abuse of discretion a violation of the law? Don't you need to find a violation of the law to abuse of discretion? Well, not necessarily. I mean, cases have said that even though the statute may not define the parameters, I mean, there's plenty of case law that talks about abuse of discretion and what to consider when there has been an argument that wasn't raised in the first instance. But if I could just talk about a couple things. One is Mr. Lippman, I'm going to give you about 30 seconds because you're a minute and a half over your time. The other guy went way over his time and I've got to make it even for the government. It's not fair to have your argument collectively go over by so much. So no, you can't have a couple minutes and no you can't make a couple new points, but if you've got one final thought you'd like to convey to us, you can do that. I was wondering, is it possible that I could submit a letter brief? No, that's not possible. You already submitted a brief and you've had argument. If you've got one final thought though, we're open to hearing it. I guess my thought is that what the court did make, as far as the waiver makes no sense, that they raised the issue, had counsel prepare for it and asked numerous questions, and then decided to take the easy route and just say and decide just to waive it. Now, that might have been acceptable if we're talking about an unpublished case, so it's just dealing with the parties. But to saddle thousands of claimants with a published decision based upon a dubious assertion of waiver, to me it's just if that isn't a piece of discretion, I really don't know what is. Okay, thank you Mr. Lipman. We're going to hear from the government now. Thank you. Thank you. Good morning, good afternoon at this point. May it please the court. Text, structure, and statutory history all demonstrate that Title 38 no longer requires that the same board member both conduct the board hearing and issue the board decision in a particular case. That requirement used to exist in 38 U.S.C. Section 7107C. But in 2017, as part of the AMA, Congress deleted that requirement from the statutory text. Just as the Veterans Court did below, this court has to give full effect to Congress' legislative choice in deleting that requirement. And no amount of legislative history can overcome what Congress plainly did. There is some discussion by my friend on the other side about the legislative history. I think the legislative history of the AMA is broader than simply trying to minimize board members traveling to different regional offices. The underlying reason behind enacting the AMA was to make the process of board appeals more efficient, to expedite it because there was a large backlog in board appeals. And removing the same board member requirement is entirely consistent with that legislative history, with that purpose behind the AMA. Right, but at the same time, it recognizes the removal of a very significant beneficial right for the veteran. When you're putting these two things in play, the AMA also created a whole lot of new structures, different layers of appeals, switching back and forth on dockets, creating a lot of additional potential confusion and inefficiency. So, I mean, I think the short is that the legislative history doesn't tell us anything about why this provision was dropped out. That's right. The legislative history says nothing about it, which is why we said in our brief... And we have your argument that the history of the statute shows it was once in 7102. It was taken out. It can't mean... And it was put over here and then it was taken out. And if they're really right, they're arguing original 7102 was duplicative because they had two sources in the statute, original 7102. Okay? So, just let me ask you about the elephant in the room. Are you going to talk about the elephant? What is the elephant in the room, Your Honor? Okay, look at Regulation 38 CFR 20-604. Yes, Your Honor. 604 is recognized in the opinion by the CAVC here. It says that Section 102, 7102 gives a legacy veteran the right to have a decision by the person who had the hearing. Correct? Yes. And it cites 7102 as the authority. Yes. How can 7102 give a legacy veteran a right and at the same time deny it to an AMA or a RIMP veteran? Certainly. Isn't it arbitrary and capricious for the agency to say 7102 gives me an authority to give this decision hearing right to a legacy veteran but on the same type of facts, the same type of case, will deny it to a RIMP or an AMA veteran? So the way the VA understood the AMA amendment You see my point? I do. I certainly do. How can the statute provide authority for one class of veterans and not provide it for another? So the way the VA understood the AMA amendment is in terms of changing the system for non-legacy appeals or legacy appeals that opt into the RIMP system like Mr. Francis. It only changed the law for the RIMP people. It didn't change it for legacy. Exactly. But did not change the law for legacy people. So even today for legacy appeals, they still continue to enjoy that same board member requirement. Is this an equal protection issue? Well, Your Honor, if there is, it was not raised in this case. But you see my point? That if you go to the veteran's office today and you line up a legacy appellant, which Mr. Francis was until he opted into RIMP. That's right. And you have a legacy appellant that's standing there. He has a situation where he got a decision from someone who hadn't conducted his hearing. The legacy person complains that he gets another hearing. That decision is no good. But you take another veteran, same type of fact, and you say to him, same thing happened. You say, I'm sorry, you don't get the benefit. Right. The Veterans Administration is using this law, 7102, to give the benefit to a legacy thing. And they're using 7102 to deny the benefit to a RIMP thing. How can that be? How is that not the ultimate definition of arbitrary and capricious behavior? And again, Your Honor, I know I keep bringing it up, but the type of arbitrary and capricious challenge or equal protection issue. That's what Congress intended. Well, it's not that Congress intended it. It's that the claimant in this particular case never raised that kind of argument. Not before the Veterans Court. I know you're making that argument, and I agree with you. I'm just trying to point out for the benefit of other veterans who might choose to challenge us, who maybe decide they don't want to try to clearly present fair process and get a hearing that way. The agency right now is arbitrary and capriciously denying one class of veterans a benefit that they're giving to another. And I don't see how the government can defend that on any grounds whatsoever. Except on the grounds that Congress intended to create a violation of the Equal Protection Clause. And I don't think... You said it a minute ago, I don't think you want to say that. No, I don't think that's what we're saying at all. But the point at the end of the day is that Congress did choose to make this legislative choice. Congress weighed the pros and cons of removing Section 7107C, at least for non-legacy appeals or legacy appeals that opt into RAMP, and decided that the legislative choice would be a more expedited process through the Board of Appeals process. We're giving you a bunch of things you didn't have before, which is to switch from one docket to another. All of the layering of the claim. Because we're giving you so much, we're taking something away. Right, and at the end of the day, that's a legislative choice. That's something that Congress elected to do. If the veterans organizations, as Mr. Lippman pointed out, if they are opposed to that, they can go to Congress. And they can ask for a legislative fix. Now, we think that this kind of legislative fix would undermine what the AMA did, which is create these efficiencies in the Board of Appeals process. So it's going to come with some costs. But that's the remedy that they can see. It's the same process that a legacy claimant is in today. There's only one process left, right? There's one process for legacy claims and one process, the post-AMA process, for non-legacy claims or legacy claims that opt into RAMP. So there's two different ways to proceed in an appeal. There's one system for legacy claims and one system for non-legacy claims. Mr. Francis happens to be in the non-legacy system because he opted into it. And within that non-legacy system, there is simply no same board member requirement because it was deleted from the statutory text by Congress. Can you address the fair process argument, please? Yes, certainly. So there's really two arguments that are at issue here. The first one is a statutory argument that we explain to the court why they have to lose on that substantive argument. You've got to put your pen down, too. Oh, I'm sorry. I apologize. The second argument is a fair process argument. But the substance of that fair process argument is not before the court because it was not raised by the claimant at the Veterans Court. So part of my problem is help me understand what the fair process argument even is, like what it is in the law. I'm finding it a little difficult to really pin it down. And the reason that this actually matters to me is if it's part of the legal inquiry of statutory interpretation, you can't waive the law part, right? The fact that they didn't raise it isn't right. You can't tell me I can't look at 7107B because they didn't cite it to me to help inform my interpretation of 7107A. So if it's part of what amounts to the statutory interpretation, the legal part, then they really can't actually waive that. So that's why I'm trying to, as a starting point, just wrap my head around what in the world this fair process argument even is. I've never heard it before. I certainly understand the concepts of due process. We have no cases that address this. And so what is your, I mean you represent the government, so what is your position on how I should understand what this fair process argument is meant to do? Sure. So the fair process doctrine is a doctrine developed really by the Veterans Court. This court has not addressed it. The Supreme Court has not addressed it. Does the government agree with it? We don't necessarily, Your Honor. It's not something that we've addressed. Well, it's not something that we've had an opportunity to substantively address before this court. But to your point, Chief Judge Moore, it is a substantive argument, it is a substantive doctrine that provides additional substantive rights according to the Veterans Court. It's an independent source of rights outside the statute or any regulation? That's the way it's been interpreted by the Veterans Court. It's an extra statutory and I think it's even been interpreted as an extra constitutional, something that goes beyond the due process clause. But it provides a substantive right. We have never seen a case from any court that applies it as though it's a statutory interpretation canon. Which, as you pointed out, Chief Judge Moore, would not be waivable. But that's not the way it's been interpreted by the Veterans Court. I understand that you haven't substantively addressed it. But I mean, I just, I'm sort of perplexed by it. I was trying to read all the cases I could find on this fair process right to understand its scope. And I didn't really come away with a very clear understanding of the Veterans Court cases about what it extends to. But the one that's most cited here, because it's so on point for some reasons, is Arneson. Are you able to discuss the Arneson case with me? Sure. So there was a discussion of the fair process doctrine in Arneson. But Arneson wasn't really, the decision in Arneson wasn't really based on the fair process doctrine. It was based on the statutory language in 7107 and a regulation that was extended at the time that applied to panels, board panels, as opposed to individual board decisions. And then at the end, it also said that there is this doctrine that provides substantive procedural rights to veterans. Except it actually doesn't say that anywhere in Arneson. Where does it say that? It says we don't need to reach it. Where does it say it provides substantive procedural rights to veterans? Do you have the case with you? I do. I'm going to help you with my understanding while you're looking for that, because I don't think that's said anywhere in the case. I'm going to help you with my understanding of Arneson. If you look at the header E, fair process and prejudice. I'm there. You have that? Yes. So here's Arneson. Arneson has both the statutory language that required same judge requirement. That's my shorthand for hearing and adjudication. Same judge. There was a statute that required it, and there was a reg. 38 CFR 20.707. So sometimes the board screws up. Sometimes they fail to follow a rule or regulation. And there is an escape hatch built into why we don't have to vacate every tiny little mess up. What's that escape hatch? What's the veterans court have the right to do when they say, oh, well this is an error, but it's not? Harmless error. Right. It's a harmless error. In fact, the statute expressly says the veterans court can take due account of the prejudicial error concept. Because the veterans court doesn't usually get to make fact findings, does it? No. Right. But this is the one exception. The one exception where they can actually make fact findings is if they're trying to figure out whether an error the board made requires a do-over or not. Is it a harmless error? That is what this entire section is about. They talk about fair process, but they talk about it in the concept of prejudice, and they even cite 7261b2, which is, guess what? They take the harmless error part for the veterans court. So this fair process concept, at least in the context of this Arnidson case, is really limited to exactly what the statute permits, which is the veterans court to consider whether an error is harmless, harmful, prejudicial in the context of congressionally given statutory authority to do so. I don't see this case standing for some substantive independent right to always have the same judge decide the same thing or a requirement that fairness conceptually dictates it. Not from this case. I don't see anything like that. I agree with all of that 100 percent, Your Honor. I think the amici primarily pointed out to other veterans court cases the deal with the fair process doctrine. Brian. Brian goes a bit further, right? Right. Brian is the one that says this non-constitutional right stems in part from the nature of the non-adversarial system, and it sort of goes a bit farther suggesting that even in situations where no particular process is required by statute or rig, the principle of fair process may nonetheless require additional process if it's viewed against the concepts of regular and basic fair play of the VA adversarial system. So, I mean, Brian seems to do a little more of that creating a substantive right out of whole cloth concept. What do you make of that? I mean, is there such does the VA have the authority to go beyond constitutional protections and create a new substantive right that's like due process on steroids or something? What say you about this concept? So, Your Honor, we didn't brief the substantive issue of fair process, and the reason is because we didn't have the veterans court didn't have an opportunity to fully consider it in this particular context. So, I think the only issue before this court when it comes to the fair process doctrine is whether the veterans court abused its discretion in declining to consider it as opposed to the substance of the doctrine itself. Well, don't I first have to conclude it was something that actually bestowed some sort of right or something? I mean, I would suggest no, Your Honor. I would suggest that as far as this argument goes, it was waived before the veterans court because it wasn't raised before the veterans court. The veterans court declined to consider it. What about the fact that the veterans court expressly asked them to come and address it? Well, it should not have done that under the party presentation rule. Right, but like does that mean that maybe it forecloses their conclusion of waiver or forfeiture or whatever? There's no case suggesting that that's true. The veterans court simply looked at everything. It knew about it. It saw that there's no briefing on the subject. It saw that it wasn't fully developed by the parties, and it declined to consider it even though... I have a question. I didn't go back and look. The veterans court asked you all to come to the hearing to discuss it, but there wasn't paper on it, right? There was no paper on it as far as the record indicates. What did you all say at the hearing about it? Did you limit yourself to the fact that it was waived or at the hearing did you offer any understanding of what it meant or how it ought to apply if not waived? Unfortunately, I don't know the answer to what position the secretary took at the hearing before the veterans court on the fair process doctrine. I can't... I don't know that today, Your Honor. I just want to make one final point. I see that I'm out of time. If I can have 10 seconds. Mr. Lipman said that this case saddles thousands of claimants with a decision, a precedential decision that takes away their right to have the same board member both hear the case and make the final decision. It does not because as far as the fair process doctrine is concerned, that substantive issue was not resolved by the veterans court. So if a future claimant wanted to bring a fair process doctrine kind of argument to the veterans court in this very context, they could do that and if they do it properly and they preserve it before the veterans court, maybe one day it will reach this court as well. Okay. Thank you. Thank you. I'm going to restore two minutes for your rebuttal time. Thank you, Your Honor. There's been some questions about the precedent or whether there's precedent from this court that deals with the fair process doctrine. I did not brief it, but there is if I'd be allowed to mention the case. The case is Sprinkel v. Shinseki and it's discussed at page 1185. Page 1185 of what? It's 733 Federal Third 1180. 733 Federal Third 1180. I have the case here. What would you like me to understand from it? Is there a principle in it that you think supports your case or were you just making us aware of the fact that there does exist a case from 2013 that did mention the fair process doctrine? Where were you going? Your Honor, on page 1185, it cites to a 1955 case from the United States Supreme Court called Gonzales v. United States. And it says, In Gonzales, the Supreme Court held that despite silence in the applicable statute and regulations as to a particular procedural requirement, the requirement was implicit in the statute and regulations when viewed against our underlying concepts of procedural regularity and basic fair play. And then it goes on to say, Since that time, this court has held the due process clause of the Constitution applies to proceedings in which the VA decides whether claimants are eligible for veterans benefits. The argument in this case was whether the due process clause applied and our court basically made the fair process doctrine coextensive with the due process clause in that paragraph that you just cited. Yes, Your Honor. And I point to, and I did brief the second dissent from the en banc request when the Chief Judge of the Veterans Court basically cited to Matthews v. Eldridge for essentially the same purpose, the issue of the fairness. Okay, thank you. We thank all for your submission.